RECEIVED

FEB 1 4 2020

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MELLIE DUDLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-CV-0105 |
| AMERICAN FAMILY CARE/PRIMED URGENT/FAMILY CARE, | ) JURY TRIAL REQUESTED |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Mellie Dudley, and through her undersigned counsel of record, and hereby complain and avers against the Defendants, as set forth hereinbelow.

### I. JURISDICTION AND VENUE

1. Plaintiff, Mellie Dudley (hereinafter referred to as "Plaintiff" or "Ms. Dudley" files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U. S. C. § 1331, 42 U.S.C. Section 1983, and as an action arising under the act of Congress known as <u>The Age Discrimination in Employment Act</u>, 29 U. S. C. A. Section 621, et seq., to obtain equitable relief, the cost of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, Dudley, caused by the Defendant's discrimination and retaliation against Plaintiff Dudley, due to her age and her complaints of age discrimination and filing of a charge of discrimination with the EEOC.

2. Plaintiff Dudley filed a charge of age discrimination (EEOC charge. No. 846-2018-31185) with the EEOC in Birmingham. Plaintiff received her right-to-sue on said charge on November 21, 2019.

3. Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant(s) occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Mellie Dudley, is a citizen of the United States and of Montgomery County, Alabama, and is seventy-seven years of age.

5. American Family Care Primed Urgent/Family Care (hereinafter "Defendant" or "AFC") an entity located in Montgomery, Alabama as part of a larger chain located in Alabama.

## III. STATEMENT OF FACTS RELATED TO PLAINTIFF WANDA DUDLEY

6. Plaintiff Dudley was employed by Defendant over a period of 26 years, during which Ms. Dudley took some years off to pursue other career options. Plaintiff Dudley was a loyal employee and dedicated worker for the duration of her employment. Ms. Dudley's employment started in 1988 under MedOne, which was later purchased by American Family Care/Primed.

7. On September 6, 2018, Plaintiff was forced to resign after being denied a requested transfer to AFC located on Vaughn Road Montgomery due to the excessive bullying and hostile work environment at AFC located on Atlanta

Highway Montgomery, under the circumstances constituting a Constructive Discharge.

8. After learning of the transfer denial, Ms. Dudley later learned that Director Tim Wills, an individual who impacted her transfer stated that "**Ms. Dudley should go home, and she is too old to be working anyway.**"

9. A co-worker, namely Whitney, threatened Plaintiff during their shift at AFC. Ms. Dudley notified management, but nothing was done by management to the co-worker. Instead, Ms. Dudley was subjected to more bullying. Co-worker Whitney stated that she would "knock your [Plaintiff Dudley] head off." After Plaintiff reported the incident, co-worker Whitney continued picking on and/or harassing Plaintiff Dudley. Other colleagues soon joined in on picking at Ms. Dudley, which was known to management but management did nothing to stop it.

10. Another co-worker, John, called Plaintiff "grandma" regularly, and this, too, was known by management.

11. Younger employers were treated better than Plaintiff was. This included younger employees receiving evaluations with an appropriate time frame, while Plaintiff Dudley did not receive her evaluation until April 18, 2018, almost eight months after the evaluation.

12. The Defendant is responsible for enforcing policies, prohibiting illegal discrimination in employment, but failed to do so.

13. The Defendant's agents subjected Plaintiff Dudley to unlawful discrimination in violation of 29 U.S.C. § 621, *et seq.*

## IV. PLAINTIFF'S CAUSE OF ACTION

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U. S. C. § 621, et seq., AND 42 U.S.C. § 1983

14. Plaintiff Dudley repeats, re-alleges and incorporates by reference paragraphs 1-13 above, the same as if more fully set forth herein, and further avers that the Defendant discriminated against her due to her age.

15. Plaintiff Dudley avers that the aforesaid actions of the Defendants violated 29 U. S. C. Section 621, prohibiting age discrimination in employment.

16. Plaintiff Dudley avers that she has suffered economic damage as a proximate cause of said age discrimination, in that she has lost her position within AFC and other economic benefits. Plaintiff Dudley further avers that the age discrimination practiced against her was willful, thus entitling her to liquidated damages.

### *PRAYER FOR RELIEF*

WHEREFORE, premises considered, Plaintiff Dudley prays that this Honorable Court will, upon a final hearing of this cause, enter an order:

a. Reinstating Plaintiff to her job position with all the same benefits and privileges as if she had never been terminated and enjoining the Defendants from failing to reinstate Plaintiff, due to discrimination against Plaintiff Dudley due to her age;

b. Awarding Plaintiff Dudley such monetary damages to which she may be entitled;

c. Awarding Plaintiff Dudley her costs in this action, including a reasonable attorney's fees; and

d. Granting Plaintiff Dudley such other further and different relief to which she may be entitled.

## V. AFFIRMATIVE DEFENSES AGAINST AN ASSERTION OF ILLEGAL AND ONEROUS ARBITRATION AGREEMENT

17. Plaintiff avers that for many years, starting with Defendant's predecessor, Med One in 1988, and continuing up until her constructive discharge on September 20, 2018, Plaintiff worked continuously for the defendant without any onerous condition such as an arbitration agreement.

18. Without any additional consideration, on or about May 24, 2018, the Defendant attempted to impose an arbitration agreement (see attached as exhibit A), requiring that Plaintiff, as a condition of her continued employment with AFC agree to submit herself to binding arbitration administered by the American Arbitration Association, which would require that "the employee shall share equally all of the administrative costs associated with the filing and prosecution of the Arbitration."

19. Without access to an attorney, and without any additional consideration other than her continued employment (lacking in any value since Plaintiff has long held her job), Plaintiff was coerced into signing.

20. Plaintiff can barely afford the expense of an attorney to represent her in this litigation as Plaintiff was barely able to come up with was a $400 filing fee on a largely contingent representation. Thus Plaintiff cannot afford either the expenses, or the risk of expense of entering into any arbitration, which would potentially make her present situation go from bad to worse. Such a provision is

therefore unconscionable and against the Plaintiff's constitutional right to seek redress for her grievances.

21. Plaintiff also avers that the arbitration agreement, as can be seen from the attached, is dated in the lower right-hand corner with a date almost 13 years earlier than her May 24, 2018 signature date. Plaintiff maintains that the discrepancy is improper and misleading and part of a fraudulent attempt to prevent Plaintiff from raising her age discrimination claim.

22. Plaintiff also challenges the arbitration agreement because it requires an administration by the American Arbitration Association, which association has a notorious history of siding with corporate defendants, because said corporate defendants are potential repeat clients for arbitrators, who make good hourly fees and because corporate clients quickly learn that any arbitrator who has ever ruled for a Plaintiff in an employment discrimination case is an arbitrator never to be chosen again. This then creates an overwhelmingly pro-defense climate and attitude for such arbitrators, who are thus far more likely to rule for corporate defendants.

23. Plaintiff maintains that the arbitration agreement proferred by the Defendant, especially under the circumstances alleged above, is unconscionable, outrageous, and against public policy and defies the intent of the U.S. Congress and is thwarting and frustrating the age discrimination laws passed by the U.S. Congress years ago.

## VI. JURY DEMAND

A jury trial is requested on all issues so triable.

Respectfully submitted,

Mellie Dudley, Plaintiff

Julian McPhillips
Lead Attorney for Plaintiff
McPhillips Shinbaum, LLP
516 South Perry Street
Montgomery, AL 36104
Office: 334-262-1911
Julian.mcphillips@msg-lawfirm.com

Tanika Finney
Co-Counsel for Plaintiff
Law Office of Tanika L. Finney
516 South Perry Street, Suite 3-A
Montgomery, AL 36104
Office: 334-603-1353
tanika@tlfinneylaw.com